# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRYAN FROHLICH**, on behalf of himself and others similarly situated, | ) ) Case No. |
| Plaintiff, | ) ) Judge |
| v. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| **HEXAGON MANUFACTURING INTELLIGENCE, INC.**, | ) ) **JURY DEMAND INCLUDED HEREON** |
| Defendant. | ) |

Plaintiff Bryan Frohlich ("Representative Plaintiff") for his Complaint against Defendant Hexagon Manufacturing Intelligence, Inc. ("Defendant") alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Ohio who has been employed by Defendant within the last three years. Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

6. At all relevant times, Representative Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

8. Defendant is a for-profit Delaware corporation that transacts business in this Judicial District and Division.

9. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

11. Defendant is a business-to-business services company that provides sensor, software and autonomous solutions to industrial manufacturers and other companies across the country.

12. Representative Plaintiff and those similarly situated were employed by Defendant as "Service Engineers," or other similar titles.

13. As Service Engineers, the primary job duties of Representative Plaintiff and those similarly situated included traveling to Defendant's clients to install, repair, or service various machines and accessories, all of which is manual work.

14. Service Engineers are not required to have an engineering degree or any advanced education to perform their job duties. Rather, Defendant only requires Service Engineers to have an Associates Degree or an equivalent combination of education and experience.

15. Service Engineers do not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

16. Representative Plaintiff and those similarly situated were non-exempt from the overtime and minimum wage requirements of the FLSA.

17. Representative Plaintiff and those similarly situated routinely worked in excess of 40 hours per work week. In fact, Defendant expected Service Engineers to work at least 45 hours per work week.

18. Despite being non-exempt from the overtime and minimum wage requirements of the FLSA, Representative Plaintiff and those similarly situated were not paid one and one-half times their regular rate of pay for all hours they worked in excess of 40 per work week.

19. Defendant knowingly and willfully failed to pay Representative Plaintiff and those similarly situated overtime premiums when they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former Service Engineers, including those with different job titles but similar duties, employed by Hexagon Manufacturing Intelligence at any time during the three years preceding the filing of this Complaint through the final disposition of this matter, who worked 40 or more hours in any work week during that time.**

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to them overtime premiums when they worked in excess of 40 hours in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
**(FLSA Overtime Violations)**

25. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case

pursuant to 29 U.S.C. § 216(b).

27. The FLSA requires that Defendant's non-exempt Service Engineers receive overtime compensation when they worked more than 40 hours in a workweek.

28. As non-exempt employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

29. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

30. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

31. By failing to pay the required overtime compensation, despite knowing that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation, Defendant willfully violated the FLSA.

32. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*.

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective;

C. Award compensatory damages to Representative Plaintiff and the FLSA Collective in the amount of their unpaid wages as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the FLSA Collective pre-judgment and/or post-judgment interest at the statutory rate; and,

E. Award Representative Plaintiff and the FLSA Collective their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jeff@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiffs*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*

*Counsel for Plaintiff*