IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bryan Frohlich, *on behalf of himself and others similarly situated,* | Case No. 3:22 CV 1852 |
| | ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT |
| Plaintiff, | |
| -vs- | JUDGE JACK ZOUHARY |
| Hexagon Manufacturing Intelligence, Inc., | |
| Defendant. | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement ("Joint Motion") (Doc. 15) pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve, as fair and reasonable, the proposed settlement ("Settlement") reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release ("Agreement").

Having reviewed the Joint Motion and its exhibits, the Agreement, the supporting declaration, and the pleadings and papers on file in this action, the Court finds good cause and grants the Joint Motion.  In doing so, the Court approves the Agreement, the proposed Notice of Settlement of Collective Action Lawsuit, the proposed Claim Form and Release, the proposed allocation and calculation of Settlement Awards, the Service Award to Representative Plaintiff, and the attorney fees and litigation expenses to Plaintiffs' Counsel.  The Court specifically finds as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On October 13, 2022, Plaintiff filed this lawsuit (Doc. 1), asserting claims against Defendant, on behalf of himself and others similarly situated under the FLSA. Plaintiff alleged he and similarly situated Field Service Engineers routinely worked more than 40 hours per workweek, but that Defendant did not pay them overtime compensation at a rate of at least one and one-half times their regular rates of pay for hours exceeding 40 in a workweek.

3. On November 10, 2022, Defendant filed its Answer (Doc. 5) in which it denied Plaintiff's material allegations, and denied that it violated the FLSA in any way. Defendant continues to deny all liability.

4. On September 29, 2023, the Parties participated in a full-day mediation before well-respected mediator Frank Ray. The Parties settled this lawsuit at that mediation.

5. The total settlement amount is $800,000. That amount does not include the Defendant's share of the employer payroll tax contributions with respect to any portion of the Settlement Award payments or Service Award payment treated as wages under IRS Form W-2.

6. The settlement will cover all Field Service Engineers currently or formerly employed by Defendant who worked 40 or more hours in any workweek during the period of January 2019 through December 2022. Plaintiff is included in this collective, which is defined as the Eligible Settlement Participants.

7. The Court finds, for the purposes of approving the proposed Agreement, that there is a substantial likelihood that Plaintiff and the Eligible Settlement Participants are similarly situated, insofar as each of them have similar job duties and each claim to be subject to the same alleged FLSA-violating policy.

8. The Court's conditional findings are limited solely to the claims brought on behalf of Plaintiff and by the Claimants (if any) and for purposes of resolving their claims, and thus the Court's conditional findings will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendant, or in this case, if the Agreement is not finally approved.

9. The Court approves and authorizes the distribution of the Notice of Settlement of Collective Action Lawsuit that is attached to the Agreement to the Eligible Settlement Participants in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves and authorizes the distribution of the Claim Form and Release (Doc. 15-1) that is attached to the Agreement to Eligible Settlement Participants in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the process outlined in the Agreement by which Eligible Settlement Participants become Claimants that are entitled to a Settlement Award payment.

12. Each Eligible Settlement Participant that properly completes a Claim Form and returns it in a timely manner (as required under the Agreement) will receive a Settlement Award Payment and will become a Claimant.

13. The Agreement provides that, in consideration of the total settlement amount and payment of the Settlement Award Payments to the Claimants, the action is to be dismissed with prejudice.

14. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court further finds that the Settlement resulted from arm's length negotiations between experienced counsel after substantial investigation and mediation before a competent third-party neutral.

15. The Court has considered all relevant factors, including the risk, complexity, expense and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of Counsel.

16. The Court finds that the total settlement amount of $800,000 is fair, reasonable, and adequate.

17. The Court finds that the proposed allocation and calculation of the Settlement Award payments is fair and reasonable.

18. The Court approves the payment of attorney fees and litigation costs to Plaintiff's counsel and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

19. The Court approves the payment of the Service Payment to the Plaintiff and that such Service Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

20. The Court dismisses the claims of the Claimants with prejudice and enters final judgment dismissing them from the action. The Court retains jurisdiction over the action to enforce the terms of the Agreement, including, but not limited to, the administration of the settlement.

IT IS SO ORDERED.

                                                                                      *s/ Jack Zouhary*
                                                                            JACK ZOUHARY
                                                                            U. S. DISTRICT JUDGE

                                                                            November 27, 2023